**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0308n.06

**No. 09-4285**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Mar 20, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| DANIEL GARCIA-GUIA | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: **SILER** and **GRIFFIN**, Circuit Judges; **TARNOW**, District Judge.[*]

**SILER**, Circuit Judge. Daniel Garcia-Guia (Garcia) appeals his conviction of three federal drug charges. He does not contest the sufficiency of the evidence. Instead, he argues that his conspiracy conviction should be vacated under Supreme Court precedent and his other convictions should be vacated due to evidentiary errors. For the following reasons, we vacate the conspiracy conviction under 21 U.S.C. § 846 and affirm his other convictions.

I.

A jury convicted Garcia of: 1) conspiracy to distribute and possess with the intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846; 2) attempted possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841; and 3) a continuing criminal enterprise in violation of 21 U.S.C. § 848.

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 09-4285
*United States v. Garcia-Guia*

II.

The government concedes that the conspiracy conviction under 21 U.S.C. § 846 should be vacated. Since the conspiracy charge is a lesser-included offense of the 21 U.S.C. § 848 continuing criminal enterprise charge, under *Rutledge v. United States*, 517 U.S. 292, 307 (1996), the § 846 conspiracy conviction is vacated.

III.

A.

Garcia argues that FBI, DEA, and other law enforcement officers testified to information that they learned from confidential informants (CIs) in violation of the Confrontation Clause. Almost all of the testimony that purportedly violated the Confrontation Clause was offered by the government without objection.

Specifically, Garcia takes exception to the testimony of Officer Bradley Barnett. Without objection, Barnett testified that Garcia went by the alias "Comino." Other witnesses with first-hand knowledge of Garcia's alias also testified that Garcia went by the alias "Comino" but Garcia does not dispute the admissibility of their testimony.

Garcia also complains that Agent Steve Lucas offered legal conclusions in his testimony in violation of *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). Without objection, Lucas referred to Garcia and his associates as "coconspirators" throughout his testimony. He also testified, without objection, that CIs led him to locations where he believed they could find evidence of "drug trafficking," and after the arrest of three individuals he stated, "[w]e continued extensive surveillance moving forward and identified other coconspirators that were involved within this drug

- 2 -

trafficking conspiracy; a multitude of them." Finally, when asked about a controlled drug buy, Lucas, without objection, stated that he learned through a joint investigation with two FBI field offices that "the ultimate recipients [of the cocaine] were one of [Garcia's] brothers and two other coconspirators."

B.

Garcia did object to some of the testimony that he now complains violated his Confrontation Clause rights. Barnett testified about a search of a drug stash house where he found a drug ledger with the name "Comino" written inside. The prosecutor asked Barnett, "What information do you have that has led to your conclusion that the name Comino set forth in that drug ledger is tied to this defendant in this case who is also known as Comino?" Defense counsel objected on hearsay grounds. The district court overruled the objection and instructed the jury, "Ladies and gentlemen, the witness's answer is not offered for the truth of his information, just as evidence that he received certain information, whether true or not, upon which he based a conclusion. And again the truth of his conclusion is for you to ultimately determine." Barnett testified, "We received information from several sources that Comino was a drug trafficker in the Dayton, Ohio area . . . ."

Garcia also objected to a portion of Agent Carlos Olivo's testimony. The government asked Olivo when he became aware of the involvement of a individual named Mario Medina in the delivery of drugs that were the subject of a controlled drug buy. Olivo testified, "I was aware of him because Agent Steven Lucas had told me that there was someone in the area named Mario Medina from El Paso, Texas who was trying to orchestrate a large cocaine deal and I knew who he was at

the time." Defense counsel made a hearsay objection but the district court allowed the testimony for the non-hearsay purpose of explaining the direction of the agent's investigation.

## C.

Garcia also complains about other portions of Olivo's testimony, which were not objected to at trial, where he purportedly gave impermissible expert testimony. The testimony was offered to interpret wiretapped phone calls, particularly to explain code language used in drug trafficking. Olivo explained that he learned the identities of the individuals on the phone calls through the efforts of his colleagues and other law enforcement agents. He also gave his interpretation of the code words on the phone call. On cross-examination, defense counsel asked Olivo for his interpretation of additional statements made on the call and solicited testimony about additional portions of his investigation that explained how he knew the context of the calls.

Before deliberations, the district court instructed the jury that an expert opinion is not binding and that the jury could disregard it entirely.

## D.

Garcia moved to suppress the contents of two wiretaps, one in El Paso, Texas and one in Dayton, Ohio. The district court denied the El Paso motion on substantive grounds and denied the Dayton motion as moot because the government pledged not to use its contents during Garcia's trial. The contents of the Dayton wiretap were not timely sealed upon the expiration of the order permitting the recording, in violation of 18 U.S.C. § 2518(8)(a). Accordingly, the government conceded that the contents of the wiretap were inadmissible and the motion was denied as moot. Garcia now complains that the government improperly used the untimely sealed wiretap.

During the trial, the prosecutor, without objection from defense counsel, asked Lucas if he ever conducted surveillance at a particular location in Kentucky. Lucas said he did conduct surveillance there and testified about what the surveillance and his investigation revealed about Garcia and his associates at that location.

Defense counsel asked to approach the bench and inquired if this information came from the untimely sealed wiretap. The prosecutor stated he did not know but if it did then the information would be permissible derivative evidence. The district court agreed with the prosecutor and said, "I'll make no ruling. In truth, there's no objection. [Defense counsel] just approached to make an inquiry." The district court told the prosecutor to rephrase his questions to avoid soliciting answers that paraphrase the contents of the untimely sealed wiretap.

Later, Lucas testified that he learned that Garcia's brother was killed in Mexico and that Garcia and his associates were going to travel there. Defense counsel objected to this testimony on foundational and prejudicial grounds under Fed. R. Evid. 403. Defense counsel was afraid that the testimony would suggest Garcia was going to avenge his brother's murder and that was why he was arrested. The prosecutor stated he was surprised by Lucas's answer and that he did not want Lucas to discuss the untimely sealed wiretap. The district court sustained the objection on foundational grounds and instructed the government to avoid using information from the untimely sealed wiretap. Then the government moved on to another line of questioning and no instruction was requested or given to the jury concerning this portion of Lucas's testimony.

The final portion of Lucas's testimony that Garcia argues revealed the contents of the untimely sealed wiretap occurred when the government asked Lucas if he was able to determine

where Garcia was living in April 2007. Lucas said he learned where Garcia lived through "surveillance" and gave Garcia's address. Defense counsel objected and stated that police reports showed that law enforcement discovered Garcia's address from the untimely sealed wiretap. The prosecutor stated that officers may have learned the address from surveillance and the wiretap. The district court instructed the attorneys to resolve the dispute during the afternoon recess and if they could not then they should approach the bench.

After the afternoon recess the parties did not raise the issue again. The prosecutor asked a question about the search warrant executed at Garcia's address and Lucas answered without objection.

IV.

We review "all evidentiary rulings – including constitutional challenges to evidentiary rulings – under the abuse-of-discretion standard." *United States v. Schreane*, 331 F.3d 548, 564 (6th Cir. 2003). Potential violations of the Confrontation Clause are reviewed *de novo*, *United States v. Robinson*, 389 F.3d 582, 592 (6th Cir. 2004), and are "subject to harmless error review." *Jordan v. Hurley*, 397 F.3d 360, 363 (6th Cir. 2005). But when no objection is made during trial, Confrontation Clause violations are reviewed for plain error. *United States v. Martinez*, 588 F.3d 301, 313 (6th Cir. 2009). We have the "'*discretion* to remedy [plain] error—which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id*. at 313-14 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (second alteration in original).

Also, when there is no objection to expert testimony at trial, we review for plain error. *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007).

V.

A.

Garcia argues that his Confrontation Clause rights were violated when the district court failed to exclude testimony from law enforcement witnesses that were based on out-of-court statements from CIs. However, with respect to the evidence to which Garcia did not object, there were no plainly erroneous statements. With the exception of the testimony that identified Garcia's alias, the statements were offered for non-hearsay purposes and constituted background information, which does not violate the Confrontation Clause. *United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004). The testimony about Garcia's alias did not affect his substantial rights because it was cumulative.

To the extent that Lucas's non-hearsay statements offered a legal conclusion in violation of *Torres* when he used the terms "coconspirators" and "drug trafficking," it cannot be said that the error was obvious. We allow the district court a "wide degree of discretion" but not an "unlimited" amount "in admitting or excluding testimony which arguably contains a legal conclusion." *Torres*, 758 F.2d at 150. "[A]mbiguity is resolved by determining whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *United States v. Ahmed*, 472 F.3d 427, 434 (6th Cir. 2006) (citation, quotation marks, and alteration omitted). Since a witness can provide "non-technical expressions of [his] informed opinion," it was not obvious that Lucas's testimony contained inadmissible legal conclusions. *Id.*

Garcia states, without more, that Lucas's other statement about the recipients of the drugs in the controlled drug buy "lack[ed] foundation and constitute[d] hearsay," was "more prejudicial than probative under Fed. R. Evid. 403," and violated Garcia's Confrontation Clause rights. "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (citation and quotation marks omitted). Accordingly, we decline to consider this argument.

B.

Garcia further argues that the district court abused its discretion when it allowed Barnett to give testimony, over his hearsay objection, that connected Garcia to the drug ledger. On appeal, he also says this testimony violated his Confrontation Clause rights. It cannot be said that the district court made a "clear error of judgment" when it allowed the testimony because before the witness gave his testimony the district court gave the jury an instruction that limited the testimony to only its non-hearsay use, *i.e.*, background information. And the law assumes "that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Accordingly, the district court did not abuse its discretion. And since the testimony was limited to its non-hearsay use the Confrontation Clause does not apply. *Cromer*, 389 F.3d at 676.

Concerning Olivo's testimony regarding Medina, the district court ruled that the evidence was non-hearsay background information. This was not an abuse of discretion. And there is no Confrontation Clause violation because the testimony was non-hearsay evidence. *Id.*

VI.

Garcia now argues that Olivo was improperly allowed to be both a fact and expert witness while interpreting wiretapped phone calls. He cites *United States, v. Dukagjini*, 326 F.3d 45 (2d Cir. 2003), for authority that admission of this testimony was plain error.

However, we have "allowed police officers to testify as expert witnesses about criminal activity since knowledge of such activity is generally beyond the understanding of the average layman." *United States v. Smith*, 601 F.3d 530, 539 (6th Cir. 2010) (quotation marks omitted). And when the district court provides a cautionary jury instruction for this type of testimony, "such expert testimony by police officers is not unfairly prejudicial . . . ." *United States v. Bender*, 265 F.3d 464, 472 (6th Cir. 2001). An instruction that "told the jurors that they could reject the opinions given and that they should consider how the witnesses reached their conclusions, [is] adequate to guard against the risk of confusion inherent when a law enforcement agent testifies as both a fact witness and as an expert witness." *United States v. Ham*, 628 F.3d 801, 806 (6th Cir. 2011) (citation and quotation marks omitted).

Like the Second Circuit, we recognize that "[w]hen a court certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment." *Johnson*, 488 F.3d at 697. Accordingly, we do not allow the district court to certify a witness as an expert in the presence of the jury. *Id.*

Here, the district court did not certify Olivo as an expert in the presence of the jury. And since the district court gave an instruction like the one described in *Ham* in its final instructions to the jury, there were no prejudicial evidentiary errors in this case, and evidence of Garcia's guilt was

strong, permitting Olivo's testimony was not plain error. *Cf. United States v. Vasquez*, 560 F.3d 461, 470-71 (6th Cir. 2009); *United States v. Martin*, 520 F.3d 656, 659-60 (6th Cir. 2008). As for the testimony that was elicited on cross-examination concerning Olivo's interpretation of a conversation on the wiretap, Garcia cannot "complain on appeal of errors that he himself invited or provoked." *Cromer*, 389 F.3d at 679 n.11 (citation and quotation marks omitted). Finally, by saying how he identified the parties on the phone call the agent was giving non-hearsay background information, which does not violate the Confrontation Clause. *Id.* at 676. Accordingly, there was no plain error.

VII.

Garcia argues that Lucas improperly testified about the contents of an untimely sealed wiretapped recording in violation of 18 U.S.C. § 2518(8)(a). He asserts that his pretrial motion that was dismissed as moot preserved his objection to this evidence. However, during the trial the district court noted on one occasion at the bench that there was no objection from defense counsel when testimony was offered that related to the untimely wiretapped recordings, so counsel was on notice that his pretrial objections had to be renewed. *Lawn v. United States*, 355 U.S. 339, 353 (1958), holds that "generally" a pretrial motion to suppress preserves the point and makes it unnecessary to object at trial; but it also holds that this "rule is one of practice and is not without exceptions, nor is it to be applied as a hard-and-fast formula to every case regardless of its special circumstances." Here, because counsel's pretrial objection was denied as moot, and because counsel was on notice that he had to renew his objection at trial, the pretrial objection did not preserve the point, and we review only for plain error.

A violation of § 2518(8)(a) requires the contents of a wiretap recording to be excluded, *United States v. Amanuel*, 615 F.3d 117, 128-29 (2d Cir. 2010), but:

> the prohibition on the use of improperly sealed evidence in sworn testimony will not preclude the use of such evidence either to pursue an investigation or to proveup the fruits of such investigation at trial. In other words, the prohibition insubsection 2518(8)(a) on derivative use at trial of improperly sealed tapes is not to be applied strictly to prohibit use of all evidence that can be connected through a chain of causation to a wiretap tainted by improper sealing.

*Id.* at 128 (citation and quotation marks omitted). "[T]he fruits derived from [untimely sealed wiretaps] may not be suppressed." *Id*. at 129.

The testimony about the surveillance in Kentucky was clearly derivative fruit of the subsequent investigation, not the wiretaps, because Lucas testified that he witnessed the drug meeting about which he as testifying. Additionally, the testimony about Garcia's address was derivative information because it was used to obtain a search warrant. Accordingly, it was not an obvious error to admit either portion of testimony. Moreover, even if error, admission of the testimony did not affect Garcia's substantial rights. The testimony helped to establish that Garcia was in the drug trafficking business, a fact amply established by other evidence at trial.

Garcia did make foundational and prejudicial objections at trial to the portion of Lucas's testimony that concerned Garcia's trip to Mexico. On appeal he argues that this information was shared in violation of § 2518(8)(a). Just as Confrontation Clause objections made on appeal are reviewed for plain error when the objection is not made at trial, *Martinez*, 588 F.3d at 313, we review § 2518(8)(a) claims for plain error when they are made on appeal but not at trial.

After making his objection on foundational grounds, defense counsel argued at trial that he was concerned that prejudicial information about a revenge murder in Mexico would come from the witness and not, as Garcia argues on appeal, that the jury would infer that Garcia was fleeing. In fact, the prosecutor was concerned that Lucas would discuss the untimely sealed wiretap and the district court instructed him to avoid that issue. Subsequently, the prosecutor moved on to another line of questioning. Since it is not obvious that Lucas revealed the contents of the untimely sealed wiretap in this portion of testimony there is no plain error on this issue.

## VIII.

For the foregoing reasons, we **VACATE** Garcia's conspiracy conviction under 21 U.S.C. § 846, **AFFIRM** his other convictions, and **REMAND** to the district court for proceedings consistent with this opinion.